UNITED STATES of America

v.

Clifford DOWE.

Crim. No. 78–642.

United States District Court, District of Columbia.

Oct. 12, 1979.

Martin J. Linsky, Asst. U. S. Atty., U. S.
D. C. Washington, D. C., for plaintiff.

Charles W. Halleck, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

The Defendant, Clifford Dowe, is charged with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) and with possession of cocaine, marijuana and hashish in violation of 33 D.C. Code § 402. Presently before the Court is Defendant's motion for an order suppressing for use as evidence all items seized from his home and person during the execution of a search warrant on September 28, 1978, as well as all statements he may have made during the course of the search. After considering Defendant's Motion, the Government's Opposition, the testimony presented at a hearing on the Motion and the arguments of counsel, the Court has determined that Defendant's Motion must be denied. Defendant raised four arguments in support of his Motion to Suppress.

First, Defendant argues that the description of the property to be seized was overly broad and that the warrant therefore cannot survive scrutiny. The warrants refers to capsules, envelopes, syringes, tourniquets, cookers, narcotics paraphernalia, heroin and documents establishing Defendant's involvement in drug trafficking. The Government had, however, demonstrated to the issuing magistrate probable cause to believe that Defendant was engaged in narcotics trafficking. It was reasonable therefore, for the Magistrate to assume that items indicative of narcotics trafficking would be present in Defendant's home. Such items are, moreover, relevant to proving an essential element of the principal offense charged—that Defendant's possession of narcotics was with the intent to distribute. *See Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976); *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

Second, Defendant argues that the affidavit underlying the warrant contained material mistruths and misrepresentations by a government informant that vitiate the warrant. He has, however, failed to make a sufficient preliminary showing of knowing or reckless falsehood to require the Court to look beyond the affidavit itself. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Moreover, the affidavit on its face was sufficient to establish probable cause. Although the affidavit was based in part on information provided by a government informant, that informant's reliability was established by corroboration of information that he had provided police on prior occasions. The informant had obtained the information in a reliable manner, namely first hand through a controlled purchase of narcotics. Thus, the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) were satisfied.

Third, Defendant argues that the officers executing the search were required to obtain an arrest warrant as well as a search warrant. Defendant contends that if the officers had probable cause to search they necessarily had probable cause to arrest as well prior to the search and that they were, as a result, obligated to obtain an arrest warrant. Defendant argues that a quantity of cocaine found on Defendant's person after his arrest and cocaine later seized in his home must be suppressed as a result. This contention is, however, without merit.

Initially, in considering Defendant's third argument, the Court notes that the officers did have probable cause to arrest Defendant as he entered his home. That probable cause had two separate bases: (1) the marijuana and hashish that had been seized in the home prior to Defendant's return and (2) the controlled purchase of cocaine from Defendant by a police informant. Second, although the officers had probable cause to arrest Defendant prior to executing the search, the Court cannot invalidate the arrest because they did not obtain a warrant. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). By obtaining an arrest warrant, the officers would necessar-

ily have jeopardized the informant because any arrest and prosecution would have been for the sale of cocaine to that informant. The officers thus obtained only a search warrant and then arrested Defendant for possession of marijuana and hashish found during the search. At that time, they had probable cause to arrest and accordingly the Court cannot suppress the cocaine seized from Defendant's person. In determining whether to suppress the cocaine subsequently seized in the home, the Court must turn additionally to defendant's fourth argument.

Defendant's final argument is that subsequent to his arrest, the officers violated his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), then coerced and browbeat him and that his statements and a large quantity of cocaine subsequently seized from his home must be suppressed. At the hearing on Defendant's motion, the testimony demonstrated that Defendant had been advised of his *Miranda* rights prior to any statements that he made concerning the location of the cocaine sought by the officers. That testimony, taken as a whole, also demonstrated that Defendant's statements were voluntary. Although he was in police custody, Defendant was in his own home. He was concerned about damage and disruption to the home which had been recently renovated. Moreover, had Defendant not advised the officers of the location of the narcotics, the officers would have found it in due course by completing their methodical search then underway. These facts support the Court's conclusion that Defendant's decision to reveal the location of the narcotics to the officers was voluntary. Since the statement was voluntary, the Court cannot order suppression of the statement or the narcotics subsequently seized. *See Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961).

Accordingly, it is by the Court this 12th day of October, 1979,

ORDERED, that Defendant's Motion to Suppress be and hereby is DENIED.